IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN SNYDER, CHERYL ROBINSON-KELLY, BARBARA FREDERICI and KIMBERLY NIEDRIST, Individually and on Behalf of All Others Similarly Situated | : : : : : : : | CIVIL ACTION |
| v. | : : | |
| HOLY REDEEMER HEALTH SYSTEM, d/b/a HOLY REDEEMER HOSPITAL, THE HOLY REDEEMER HEALTH SYSTEM PENSION PLAN COMMITTEE and DOE DEFENDANTS 1-20 | : : : : : | NO. 17-960 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                                              **February 7, 2018**

        Employees of the Holy Redeemer Health System (HRHS) brought this putative class action under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA) to enforce compliance with ERISA's reporting and funding requirements. The plaintiffs assert subject matter jurisdiction under both 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

        Moving to dismiss under both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), HRHS challenges subject matter jurisdiction. It argues that the pension plan is exempt from ERISA's requirements because it is a "church plan" under 29 U.S.C. § 1003(b)(2). In its motion, HRHS relies upon voluminous documents that are neither attached to the complaint nor matters of public record.

        We conclude that there is federal question jurisdiction. However, we cannot determine whether the pension plan is exempt as a "church plan," entitling HRHS to dismissal under Rule 12(b)(6), because there are factual disputes that must be resolved.

Therefore, we shall deny the motion to the extent it seeks dismissal under Rule 12(b)(1) and shall convert the Rule 12(b)(6) motion to one for summary judgment under Rule 56.

In its motion under Rule 12(b)(1), HRHS asserts that the district court does not have subject matter jurisdiction because the pension plan is exempt from ERISA as a "church plan." The question raised by HRHS's motion is whether ERISA applies to HRHS. That is a federal question because it "arises under" federal law, specifically the "church plan" exemption of ERISA. We have federal question jurisdiction under 28 U.S.C. § 1331. Jurisdiction is also conferred by ERISA itself, 29 U.S.C. § 1132(e)(1). Thus, we have the authority to determine whether HRHS qualifies for the exemption under the statute.

Whether the "church plan" exemption applies is not a jurisdictional issue, but rather a merits decision. As we have explained, it clearly presents a federal question because it "arises under" a federal law. We must determine whether the HRHS Pension Plan is exempt from ERISA as a "church plan" in the first instance. If it is, HRHS is entitled to judgment in its favor.

We confine our inquiry to the amended complaint, the exhibits attached to the amended complaint, matters of public record and those documents upon which the plaintiffs' claims rest. *Hartig Drug Company, Inc. v. Senju Pharmaceutical Co., Ltd.*, 836 F.3d 261, 261 (3d Cir. 2016). We also accept as true the allegations in the amended complaint, drawing all reasonable inferences in favor of the plaintiffs.

HRHS relies upon factual assertions based upon Church documents, certifications, and matters of public record. HRHS's exhibits include the Articles of

Incorporation and By-Laws for corporate entities associated with the Sisters of the Holy Redeemer and HRHS, tax and financial statements, the 2016 Official Catholic Directory, Catholic directives for its healthcare services, the HRHS Pension Plan, and IRS letter rulings. These documents relied upon by HRHS are attached to the plaintiffs' amended complaint, matters of public record, or documents upon which the plaintiffs' claims rest. Although we may consider them on a Rule 12(b)(6) motion, we cannot accept them without question when they are contradicted by the plaintiffs' allegations which we must accept as true.

There is no doubt that the HRHS Plan is church affiliated, and its principal purpose is to administer and fund the benefit plan. What is disputed is whether the HRHS Plan is "controlled by or associated with" the Roman Catholic Church. The plaintiffs in their amended complaint cast doubt upon this requirement for the "church plan" exemption. They allege that HRHS was not established or maintained by a church. Nor is the Plan. They then recite a number of facts that could contradict HRHS's claim that it is a non-profit corporation because it has ownership interests in for-profit businesses.

Deciding this critical issue calls for a merits decision requiring the resolution of numerous factual disputes which cannot be done on a motion to dismiss. Therefore, we shall deny the motion to dismiss under Rule 12(b)(1) and convert the motion under Rule 12(b)(6) to one for summary judgment.

/s/TIMOTHY J. SAVAGE